The STATE of Oklahoma ex rel.,
OKLAHOMA TAX COM-
MISSION, Appellee,

v.

Linda N. BORRELL, Appellant.

No. 79303.

Court of Appeals of Oklahoma,
Division No. 3.

July 27, 1993.

Bryce A. Baggett, Oklahoma City, for appellant.

David Hudson, John A. Grissom, Jr., Oklahoma City, for appellee.

### MEMORANDUM OPINION

GARRETT, Judge:

Linda N. Borrell (Appellant) apparently failed to pay her income tax to the State of Oklahoma for the years: 1982, 1983, 1984 and 1986. The Oklahoma Tax Commission (OTC) issued Tax Warrants for the purpose of attempting to collect the unpaid taxes. The validity and accuracy of the Tax Warrants are not challenged in this appeal. Appellant does not contend that the taxes are paid.

On November 6, 1991, OTC filed a document denominated a "PETITION" in the District Court alleging the fact of the Tax Warrants, that they had been filed with the County Clerk, and that execution had been issued and returned "No Property Found." In effect, OTC alleged that it was entitled to all of the remedies which are available to a judgment creditor to attempt to collect the amounts due and unpaid on the Tax Warrants. Then OTC prayed "that such garnishment action or actions as are needed, be maintained against" Appellant to collect the full amount of the indebtedness.

Based on the application contained in the "PETITION",[1] the Court issued a garnishment summons against one individual and another against a bank. Nothing resulted from the garnishment of the individual, but the Bank filed a return showing an account balance of $752.13 and paid the $752.13 into court. The Court Clerk held the funds for the period of time prescribed by 12 O.S. 1991 § 1172.2 A. Since a claim for an exemption had not been filed, the Court Clerk deducted court costs and remitted the balance to OTC.

When the tax warrants were filed, and the Sheriff's return showed "No prop-

erty found", OTC became vested with all of the rights of a judgment creditor in its effort to collect the unpaid taxes. See 68 O.S.1991 § 231(b), now 68 O.S.Supp.1992 § 231(c). In this respect, the tax warrants were tantamount to a judgment of a court in an action at law. The remedies and proceedings authorized are those applicable to post judgment garnishments, and other remedies and proceedings available after a judgment is entered by a court.

Appellant contends the Court erred in denying her motion for the return of her $752.13 on the ground that her claim that the funds were exempt from garnishment was untimely filed. We agree. The Appellate record fails to show that notice of the garnishment was issued and served on her in accordance with the requirements of 68 O.S.1991 §§ 1172.2 and 1174. The answer of the garnishee Bank contained a statement that a copy of the summons was mailed by it to Appellant. However, that is not one of the methods of giving notice which are set forth in § 1174.

It is impossible from this record to determine whether Appellant *received* notice of the garnishment, or, if received, from whom and when it took place. Under these circumstances, we hold the trial court erred in ruling that her claim of exemption was filed out of time and, in effect, denying her a hearing. That portion of the orders appealed from is reversed with instructions that Appellant be given a hearing on her claim and motion.

Appellant contends the trial court also erred in issuing an order requiring her to appear and answer as to her assets. The basis of the contention is the claim that the statute requires the filing of a written application for the order. OTC responds that the contention is groundless. First, OTC contends it did file a written application when it filed the "Petition", and second, that it orally applied for the order and

---

1. The "Petition" could, and probably should have been called an application, for it was an application. The content, not the title, determines the nature of a document.

that a written application is not required by the statute. We agree with OTC. First, the "Petition" was a written application. Second, the applicable statute is 12 O.S. 1991 § 842. Section 842 authorizes the Court to issue the order requiring the judgment debtor to appear and answer as to assets any time after the judgment is entered "on application of the judgment creditor". Nothing in that statute requires the application to be in writing or that it be filed in the case. This contention lacks merit.[2]

In view of the above, it becomes unnecessary to consider the other contentions of the parties.

This action is reversed and remanded to the trial court for a hearing on Appellant's claim that the funds in her bank account were exempt from garnishment. In this connection, we do not express the opinion that the affidavit of her employer is conclusive on this point. The affidavit, and its contents, may be considered by the Court, along with any evidence which is material to the issue presented. Otherwise, the orders of the trial court are affirmed.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

HUNTER, P.J., and BAILEY, J. concur.

---

2. In addition, Appellant probably waived service of the order when she entered a general appearance by filing her motion to quash the order. As pointed out by OTC, her remedy was not to quash the order, the remedy was to ask for and secure a reasonable continuance.